IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

　　　　　　Plaintiff,

　　　vs.　　　　　　　　　　　　　　　　Case No. 06-10145-JTM

FRANCISCO ARGUETA,

　　　　　　Defendant.

**MEMORANDUM AND ORDER**

Presently before the court is the government's motion in limine and Federal Rule of Criminal Procedure Rule 404(b) Notice (Dkt. No. 11), and defendant Francisco Argueta's (Argueta) motion in limine to bar 404(b) evidence (Dkt. No. 14). For the following reasons, the court grants the government's motion in limine, and denies Argueta's motion in limine.

**I. Background**

Defendant Francisco Argueta (Argueta) is charged in a single count indictment with transporting aliens unlawfully in the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). The government alleges the following facts in support of its case. Argueta was stopped at 4 a.m. on May 27, 2006, at the McDonald's at 6350 W. Kellogg in Wichita, Kansas, driving a 2002 Ford van containing 17 undocumented foreign nationals found to be unlawfully present in the United States. The passengers were traveling from Houston, Texas to various locations throughout the United States for a fee of approximately $250 each. The passengers carried few,

if any, identification documents, and had little luggage, if any.  None of the passengers appeared to speak English, and were from El Salvador, Guatemala, Honduras, and Mexico.

The government put Argueta on notice of its intent to seek admission at trial of two virtually identical incidents involving the defendant subsequent to the May 27, 2006, incident giving rise to the current action.  Specifically, on January 22, 2007, Argueta and another person were driving a Ford van in Fort Worth, Texas, carrying 16 persons found to be unlawfully present in the United States.  The passengers were traveling to various locations in the United States for a fee of approximately $500 each.  The passengers carried few, if any, identification documents and had very little luggage.  Few seemed to speak English, and all were from El Salvador, Guatemala, and Mexico.  Further, on October 19, 2007, Argueta was stopped driving a Ford Expedition registered to himself, and carrying 3 people found to be unlawfully present in the United States.  There was no luggage in the vehicle, and the El Salvadorian passengers had no identification documents.

The government seeks to admit the subsequent incidents to show a propensity to commit crime, and argues that any prejudicial effect is outweighed by its probative value, given the non-dramatic nature of the evidence.  Instead, the government claims that the proffered evidence would be used to prove intent, plan, knowledge, and absence of mistake or accident.

## II.  Legal Standard

Federal Rule of Evidence 404(b) provides:

Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of . . . intent, . . . plan, knowledge, . . . or absence of mistake.

When weighing the admissibility of evidence under Rule 404(b), the court must consider whether: (1) the evidence is offered for a proper purpose; (2) the evidence is relevant; (3) the probative value outweighs any prejudicial effect; (4) a limiting instruction is proper. *See Huddleston v. United States*, 485 U.S. 681, 691 (1988); *United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000).

The Tenth Circuit recently explained the four factors in detail:

> Evidence is admitted for a proper purpose if allowed for one or more of the enumerated purposes in Rule 404(b). It is relevant if it tends to prove or disprove one of the elements necessary to the charged offense. *See* FED. R. EVID. 401. The danger of unfair prejudice resulting from the evidence's admission must not substantially outweigh the probative value of the evidence under the balancing test of Fed.R.Evid. 403. *See United States v. Tan*, 254 F.3d 1204, 1211-12 (10th Cir. 2001) (in order for evidence to be inadmissible under Rule 403 the evidence's unfair prejudice must do more than "damage the [d]efendant's position at trial," it must "make [ ] a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged"). The limiting instruction must caution the jury to consider the evidence only for the limited purposes for which it is admitted and not as probative of bad character or propensity to commit the charged crime.

*United States v. Mares*, 441 F.3d 1152, 1156 -1157 (10th Cir.2006).

### III.  Subsequent Acts

In this case, the government seeks to admit evidence occurring a few months after the charged offense. It is well settled that evidence of "other crimes, wrongs or acts" may arise from conduct that occurs after the charged offense. *See id.* at 1157; *United States v. Arce*, No. 05-40096, 2007 WL 1834009, at *3 (D. Kan. June 26, 2007). "Regardless of whether 404(b) evidence is of a prior or subsequent act, its admissibility involves a case-specific inquiry that is within the district court's broad discretion." *United States v. Olivo*, 80 F.3d 1466, 1469 (10th

3

Cir. 1996).  When, as in this case, the uncharged acts in question show motive, intent, or knowledge, those acts are admissible "whether the acts involved previous conduct or conduct subsequent to the charged offense, as long as the uncharged acts are similar to the charged crime and sufficiently close in time."  *United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000).  To be admissible, the subsequent acts evidence must be similar, although not identical, to the charged offense.  *Id*.

Here, the government argues that it should be permitted to refer to the subsequent acts to prove intent, plan, knowledge, and absence of mistake or accident.  Specifically, the government argues that the subsequent acts are so similar to the charged crime and sufficiently close in time that they should be admitted.  Argueta argues, however, that admission of the subsequent incidents would be prejudicial.  Specifically, Argueta claims that he was employed by Recondor Tours, Inc. as a driver, and was in the business of transportation for hire.  Thus, although he drove people on several occasions, Argueta argues that even if he knew in January and October 2007, that the passengers on the trip were illegal aliens (which he is not conceding), it does nothing to prove what he knew or did not know in May 2006, and admission of the subsequent incidents would prejudice the jury.

After careful consideration, this court finds that subsequent acts are so similar in nature to the charged act that it could help to prove intent, plan, knowledge and absence of mistake, and that the probative values outweighs the prejudicial effect.  Accordingly, the evidence is admissible, subject to the requisite showing of relevance required for admission.

IT IS ACCORDINGLY ORDERED this 4th day of February, 2008, that the government's motion in limine (Dkt. No. 11) is granted, and Argueta's motion in limine (Dkt. No. 14) is denied.

        s/ J. Thomas Marten
        J. THOMAS MARTEN, JUDGE