IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.   No. 06-10145-JTM

FRANCISCO ARGUETA,
Defendant-Appellant.

MEMORANDUM AND ORDER

This matter is before the court on *pro-se* defendant Francisco Argueta's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Dkt. No. 33). On June 14, 2006, Argueta was indicted for transportation of illegal aliens. (Dkt. No. 1). On February 6, 2008, a jury found Argueta guilty of transportation of illegal aliens. (Dkt. No. 19). This court sentenced him to 27 months in prison, and the judgment was entered on May 30, 2008 (Dkt. No. 30). Argueta did not file a direct appeal.

On June 25, 2009, Mr. Argueta's 2255 petition was filed by the clerk's office, and he declared under penalty of perjury that he placed the petition in the prison mailing system on June 22, 2009. (Dkt. No. 33 at 16). He alleges that he: 1) received ineffective assistance of counsel based on his lawyer's failure to file a notice of appeal; 2) was sentenced under the wrong statute; 3) did not commit a removable offense and 4) is actually and factually innocent. (Dkt. No. 33).

28 U.S.C. § 2255 establishes a one-year limitations period for federal prisoners to file § 2255 motions. *United States v. Hurst,* 322 F.3d 1256, 1259 (10th Cir.2003). 2255 motions must be filed within one year from:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 ¶ 6. Only subsection one is applicable to the instant case, as the record contains no indication of governmental action preventing Mr. Argueta from making a motion, a newly-recognized right made retroactively applicable, or newly-discovered facts.

Mr. Argueta alleges his petition is timely. (Dkt. No. 33 at 16). Under the federal prisoner mailbox rule, his petition is deemed filed on June 22, 2009, when, according to his sworn statement, he delivered the petition to prison officials for mailing. *See Burger v. Scott,* 317 F.3d 1133, 1136 n. 3 (10th Cir.2003) (citing *Houston v. Lack,* 487 U.S. 266, 276 (1988)). Mr. Argueta maintains May 19, 2008 is his judgment of conviction (Dkt. No. 33 at 1). However, the court notes Mr. Argueta was sentenced on May 19, 2008, but the judgment was not entered until May 30, 2008.

Since Mr. Argueta did not pursue a timely appeal to the court of appeals, his conviction and sentence became final, and the one-year limitations period began running upon the expiration of the time for filing the appeal. *See United States v. Burch,* 202 F.3d 1274, 1278-79 (10th Cir.2000). The conviction became final ten days after the time for appeal had run, excluding intermediate Saturdays,

Sundays, or legal holidays. *See Clay v. United States,* 537 U.S. 522, 525 (2003) ("conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction"); Fed. R.App. P. 4(b)(1)(A)(I) (notice of appeal must be filed within ten days after the entry of judgment); 4(b)(6) (judgment is entered when it is entered on the criminal docket); 26(a)(2) (excluding intermediate Saturdays, Sundays or legal holidays if the period is less than eleven days).

The one-year limitations period for filing Mr. Argueta's 2255 petition began to run on June 16, 2008, the day after the time for filing his appeal expired. *See United States v. Hurst,* 322 F.3d at 1259-60. The one-year filing period expired "on the anniversary date of the triggering event," June 16, 2009. *Id.* at 1261. Mr. Argueta filed his § 2255 motion on June 22, 2009, which is more than one year after the governing limitations period expired. His petition does not allege nor suggest any circumstances that would warrant the application of equitable tolling in this case. *See Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir.2000) (equitable tolling of statute permitted in only rare and exceptional circumstances); *United States v. Willis,* 202 F.3d 1279, 1281 n. 3 (10th Cir.2000) (only in extraordinary circumstances does a defendant receive the benefit of equitable tolling); *see also Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir.2000) (miscalculation of the statute of limitations does not provide a basis for equitable tolling) (cited with approval in *Marsh v. Soares,* 223 F.3d 1217,1221 (10th Cir. 2000).

Mr. Argueta's motion was not filed within the one year statute of limitations provided by 28 U.S.C. § 2255.

IT IS SO ORDERED, this 22nd day of December, 2009, that the Defendant's Motion For Time Reduction Pursuant to 28 U.S.C. § 2255 is denied. Further, the court declines to issue a certificate of appealability.

                                                                                                 s/ J. Thomas Marten
                                                                                                  J. THOMAS MARTEN, JUDGE